**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DR. NATOSHA BRISCOE**                                                              **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.** 3:26-cv-79-DPJ-ASH

**CALVIN  PALMER, IN HIS INDIVIDUAL
CAPACITY; GREG JONES,
IN HIS INDIVIDUAL CAPACITY; AND
JOHN DOE DEFENDANTS #1-20**                                          **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

**COMES NOW**, Plaintiff Dr. NaTosha Briscoe, by and through her undersigned counsel

of record, and files this, her Complaint for damages and other relief against the above-named

Defendants Calvin Palmer, in his individual capacity; Greg Jones, in his individual capacity;

and John Does #1-20 ("Defendants").  At all times pertinent to the acts and omissions alleged

in this Complaint for Damages, the Defendants caused past, current, and future damages to

Plaintiff Dr. NaTosha Briscoe by acting intentionally, maliciously, and with reckless

indifference to the federally protected rights of Plaintiff Dr. NaTosha Briscoe.

**I.  JURISDICTION AND VENUE**

1.      Plaintiff Dr. NaTosha Briscoe's claims are brought pursuant to Title 42 U.S.C. § 1983.

2.      This Court has jurisdiction over this action because it arises under the laws of the United

States, specifically Title 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution.  As such, this Court has jurisdiction over this

matter pursuant to Title 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

1

3.    Venue is proper in this Court pursuant to Title 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the boundaries of the Northern Division of the Southern District of Mississippi.

## II.  PARTIES

4.    Plaintiff Dr. NaTosha Briscoe ("Dr. Briscoe") is an adult resident citizen of Fulton County, Georgia.

5.    At all times relevant to this civil action, Calvin Palmer was a police officer with the Pearl, Mississippi Police Department, and he may be served with process of his place of employment, 2561 Old Brandon Road, Pearl, Mississippi 39208.

6.    At all times relevant to this civil action, Greg Jones was an officer with the Pearl, Mississippi Police Department, and, upon information and belief, he may be served with process at his place of residence at 126 Falcon Ridge Drive, Raymond, Mississippi 39154.

7.    At all times relevant to this civil action, John Doe Defendants #1-10, were and are, officers and other employees with the Pearl, Mississippi Police Department who directly participated in the acts and omissions which caused Plaintiff Dr. NaTosha Briscoe damages as alleged in this civil action.  At the time of the filing of the instant Complaint for Damages, the true and correct names and whereabouts of John Doe Defendants #1-10 are unknown to Plaintiff, but Plaintiff reserves the right to substitute those persons as their names and whereabouts become known to Plaintiff.

8.    At all times relevant to this civil action, John Doe Defendants #11-20, were and are, officers and other employees with the Pearl, Mississippi Police Department who directly participated in the acts and omissions which caused Plaintiff Dr. NaTosha Briscoe damages as alleged in this civil action.  At the time of the filing of the instant Complaint for Damages, the

true and correct names and whereabouts of John Doe Defendants #11-20 are unknown to Plaintiff, but Plaintiff reserves the right to substitute those persons as their names and whereabouts become known to Plaintiff.

### III.  STATEMENT OF FACTS

9.      On or about March 24, 2023, the plaintiff, Dr. NaTosha Briscoe was staying at the Courtyard by Marriott located at 415 Riverwind Drive, Pearl, Mississippi 39208 in a room she booked for the night.

10.     Dr. NaTosha Briscoe had traveled to Pearl to attend the funeral of one of her relatives.

11.     Dr. Briscoe arrived on the premises of the hotel when she witnessed officers with the Pearl, Mississippi Police Department engaging other individuals, including some of her family members, at the hotel.

12.     Dr. Briscoe asked the officers and some of her relatives questions to find out what had occurred at the hotel before she arrived to there from her trip from Georgia.

13.     Plaintiff Briscoe was told to leave the area outside her relative's hotel room, and she complied with that order.

14.     Prior to Plaintiff Briscoe's arrival at the hotel, Pearl Police Officers had previously been called to check into the alleged smell of marijuana at the hotel.

15.     Those officers, including the defendants, Calvin Palmer and Greg Jones, questioned various people—not Dr. Briscoe--about the smell of marijuana at the hotel.

16.     The people Palmer and Jones questioned about the smell of marijuana were cooperative with the police concerning the marijuana issue.

17.    By Defendant Palmer's and Defendant Jones' own admissions, and as is reflected in their police body-worn recording devices, the defendants ended their inquiry and investigation into the marijuana issue prior to Dr. Briscoe's arrival at the hotel.

18.    After concluding their investigation into the reported smell of marijuana at the hotel, the Pearl Police officers, Defendants Calvin Palmer and Greg Jones, repeatedly informed the patrons of the hotel they had questioned that they would not charge anyone or issue any citations for the marijuana issue and were leaving their hotel floor.

19.    Telling the patrons of the hotel they had questioned about the marijuana that the officers would not issue any citations for the marijuana issue and were leaving their hotel floor ended Defendant Palmer's and Defendant Jones' investigation and lawful police activity into the marijuana issue.

20.    After concluding their investigation into the reported smell of marijuana at the hotel, the Pearl Police officers, Defendants Calvin Palmer and Greg Jones, left the second floor of the hotel and told Dr. Briscoe's relatives who they questioned about the marijuana issue to have a good night.

21.    Defendants Palmer and Jones walked from the second floor to the hotel's reception desk in the first-floor lobby to have a conversation with the hotel's employees.

22.    The officers discussed with a hotel lobby employee that the hotel could decide whether to put certain members of Dr. Briscoe's family to leave the hotel, but they acknowledged they had no authority to make anyone leave the hotel because the hotel was private property.

23.    Defendants Palmer and Jones then got on the elevator with one of the hotel employees and went back up-stairs to witness a discussion between the hotel employee and the patrons with whom the defendants had spoken earlier.

24.    Dr. Briscoe's family member asked the hotel employee whether she could stay at the hotel because she had not, in fact, smoked marijuana in the hotel room.

25.    By the time the officers went back upstairs, Dr. Briscoe had arrived at the hotel and was standing outside the door of one of her relatives' hotel room.

26.    Upon the officers' arrival back upstairs, the defendants heard one or more of the patrons, reportedly Dr. Briscoe and her cousin, say that Palmer's and Jones' accusations about her relatives having smoked marijuana in their hotel rooms were false.

27.    The officers became angry when they heard one of the patrons say that Defendant Palmer's and Defendant Jones' accusations about them smoking marijuana inside the hotel room were false.

28.    Defendant Palmer and Defendant Jones then approached the door of one of Dr. Briscoe's cousin's hotel room that they had visited on that floor earlier and argued with several of the patrons.

29.    During the course of that argument, one of the defendants instructed Dr. Briscoe to leave the area and to go to her room.

30.    Dr. Briscoe turned to walk away as the officers had instructed her to do.

31.    Dr. Briscoe began walking down the hallway of the hotel to go to her hotel room as the defendants had instructed her to do.

32.    Before Dr. Briscoe could complete her walk to her hotel room, Defendant Palmer rushed toward Dr. Briscoe as she was walking down the hallway and grabbed her from behind.

33.    At the time Defendant Palmer grabbed Dr. Briscoe from behind, Dr. Briscoe was walking away toward her hotel room in compliance with the officers' orders to leave the immediate area of her cousin's hotel room door.

34.     When Defendant Palmer grabbed Dr. Briscoe from behind, he caused Dr. Briscoe to spin her body around.

35.     As Defendant Palmer grabbed Dr. Briscoe from behind and spun her around, Defendant Palmer and Defendant Jones slammed Dr. Briscoe against one of the hotel walls.

36.     Defendant Palmer and Defendant Jones pinned Dr. Briscoe against one of the hotel walls.

37.     As a result of Defendant Palmer's and Defendant Jones' actions in grabbing Dr. Briscoe and pinning her against a hotel wall, they fractured a bone in Dr. Briscoe's upper chest area.

38.     Dr. Briscoe exclaimed to the defendants while they were pinning her that they had broken her arm.

39.     Defendants Palmer and Jones placed Dr. Briscoe and her cousin in handcuffs and escorted Dr. Briscoe and her cousin to one of their police cars.

40.     Defendants Palmer and Jones repeatedly stated to Dr. Briscoe and her cousin that they were arresting Dr. Briscoe and the cousin because Dr. Briscoe kept "running her mouth."

41.     While Dr. Briscoe and her cousin were seated handcuffed in the defendants' patrol car, Defendant Jones told a third officer who had arrived on scene after the arrest that Dr. Briscoe "kept running her fucking mouth."

42.     When the third officer asked who Defendant Palmer was referring to, Defendant Palmer said "that bitch right there...the smart assed one with the boots on," referring to Dr. Briscoe.

43.     When a fourth officer was speaking to Defendant Jones about Dr. Briscoe, he remarked that Dr. Briscoe "wasn't really fighting, she was just resisting."

6

44.    Defendant Palmer simultaneously remarked that "she was just not complying," even though the only order she had been given—to walk away from her cousin's hotel room—was an order Dr. Briscoe had obeyed.

45.    Defendant Jones remarked at a time when just he and Palmer were speaking just to each other that he was "going to hit her with resisting and failure to comply...*because we did handle her.*"

46.    During the automobile ride when Defendant Palmer was transporting Dr. Briscoe and her cousin to the Rankin County Jail, he kept talking to Dr. Briscoe and her cousin.

47.    During that recorded conversation, Defendant Palmer stated that Dr. Briscoe "thought we were lying," referencing Dr. Briscoe's criticism of the officers' claim that her cousin had smoked marijuana in the hotel room.

48.    Dr. Briscoe was in physical pain as a result of Defendants Palmer's and Jones' actions in pinning her against the wall and breaking the bone in her chest area.

49.    Dr. Briscoe also suffered injuries in that she was humiliated, anxious, and under severe emotional distress.

50.    While Dr. Briscoe was handcuffed and in pain, she pleaded with the officers that she had committed no crimes and that they had injured her.

51.    At all times pertinent herein, all the Defendants were acting under color of the laws and regulations of the State of Mississippi.

52.    In addition to the above-described actions and in a manner which shocks the conscience, the Defendants subjected Dr. Briscoe to false arrest, unlawful and wrongful detention, and wrongful prosecution for crimes which Dr. Briscoe did not commit.

53.    Dr. Briscoe had not given the defendants probable cause to arrest, detain or prosecute her.

54.    As a result of the defendants' false arrest and detention of Dr. Briscoe, Dr. Briscoe had to pay legal fees, incur travel expenses and costs, and other damages in fighting the charges the defendants lodged against her.

55.    Dr. Briscoe was ultimately not convicted of any of the charges the defendants placed against her.

## IV.   CAUSES OF ACTION

### A.  EXCESSIVE FORCE AGAINST DR. NATOSHA BRISCOE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNTED STATES

56.    Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 55 above as if stated full herein.

57.    On or about March 24, 2023, Defendants Calvin Palmer and Greg Jones arrested and caused serious injury to Dr. NaTosha Briscoe.

58.    The injury Defendants Calvin Palmer and Greg Jones caused Dr. NaTosha Briscoe resulted directly, proximately, and only from a use of force that was clearly excessive.

59.    The excessiveness of the force Defendants Calvin Palmer and Greg Jones caused Dr. NaTosha Briscoe was clearly unreasonable.

60.     Defendants Calvin Palmer and Greg Jones actions in committing excessive force against Dr. NaTosha Briscoe were committed and done under color of law of the State of Mississippi and under their authority as police officers of the City of Pearl, Mississippi.

61.    Dr. NaTosha Briscoe suffered grievous bodily harm, emotional distress, and other injuries and damages.

62.     In addition to the severe physical injury and emotion distress, Dr. NaTosha Briscoe has suffered damages in the form of medical expenses, pain and suffering, lost wages, humiliation, anxiety, mental anguish, and she will suffer additional damages in the future in an amount which cannot yet be determined.

63.     The acts of these Defendants as set forth above were intentional, reckless, wanton, malicious, oppressive, and with callous indifference to, and motivated by evil intent to, Dr. Briscoe's federally protected rights.

**B. FALSE AND WRONGFUL ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES**

64.     Plaintiff incorporates and re-alleges the allegations contained in Paragraph 1 through 63, as if stated fully herein.

65.     On or about March 24, 2023, Defendants Calvin Palmer and Greg Jones arrested Dr. NaTosha Briscoe.

66.     Defendants Calvin Palmer and Greg Jones did not have probable cause or a warrant to arrest Dr. NaTosha Briscoe.

67.     Defendants Calvin Palmer and Greg Jones could not reasonably have believed they had probable cause or a warrant to arrest Dr. NaTosha Briscoe.

68.      Defendants Calvin Palmer and Greg Jones's actions in arresting Dr. NaTosha Briscoe without having probable cause to do so were committed and done under color of law of the State of Mississippi and under their authority as police officers of the City of Pearl, Mississippi.

69.     In addition to severe physical injury and emotion distress, Dr. NaTosha Briscoe has suffered damages in the form of medical expenses, pain and suffering, lost wages, humiliation,

9

anxiety, mental anguish, and she will suffer additional damages in the future in an amount which cannot yet be determined.

70.    Dr. NaTosha Briscoe suffered grievous bodily harm, emotional distress, and other injuries and damages.

71.    The acts of these Defendants as set forth above were intentional, reckless, wanton, malicious, oppressive, and with callous indifference to, and motivated by evil intent to, Dr. Briscoe's federally protected rights.

## C. FALSE AND WRONGFUL DETENTION AND IMPRISONMENT IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES

72.    Plaintiff incorporates and re-alleges the allegations contained in Paragraph 1 through 71, as if stated fully herein.

73.    Defendants Calvin Palmer and Greg Jones arrested Dr. NaTosha Briscoe.

74.    During and after their arrest of Dr. NaTosha Briscoe, Defendants Calvin Palmer and Greg Jones willfully detained Dr. Briscoe without consent and without authority of law.

75.    Defendants Calvin Palmer and Greg Jones could not reasonably have believed they had probable cause to imprison or detain Dr. NaTosha Briscoe.

76.     Defendants Calvin Palmer and Greg Jones's actions in detaining and imprisoning Dr. NaTosha Briscoe without having probable cause to do so were committed and done under color of law of the State of Mississippi and under their authority as police officers of the City of Pearl, Mississippi.

77.    In addition to severe physical injury and emotion distress, Dr. NaTosha Briscoe has suffered damages in the form of medical expenses, pain and suffering, lost wages, humiliation,

anxiety, mental anguish, and she will suffer additional damages in the future in an amount which cannot yet be determined.

78.   Dr. NaTosha Briscoe suffered grievous bodily harm, emotional distress, and other injuries and damages.

79.   The acts of these Defendants as set forth above were intentional, reckless, wanton, malicious, oppressive, and with callous indifference to, and motivated by evil intent to, Dr. Briscoe's federally protected rights.

### D. VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNTED STATES

80.   Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 79 above, as if stated fully herein.

81.   As a direct and proximate result of the above-referenced unlawful and malicious prosecution of Dr. NaTosha Briscoe by the Defendants, committed under the color of law of the State of Mississippi and under their authority as police officers of the City of Pearl, Mississippi, Dr. NaTosha Briscoe suffered grievous bodily harm and emotional distress, and was deprived of a liberty interest in violation of her due process rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

82.   Based on the defendants' malicious prosecution of Dr. Briscoe, she incurred the expense and costs of hiring an attorney to defend her against the maliciously instituted charges the defendants asserted against her.

83.   Based on the defendants' malicious prosecution of Dr. Briscoe, she incurred the expense and costs of traveling interstate multiple times to defend herself against the maliciously instituted charges the defendants asserted against her.

11

84.     In addition to the aforementioned costs and expenses associated with Dr. Briscoe's having to defend against the maliciously prosecuted charges the defendants asserted against her, the defendants caused Dr. NaTosha Briscoe to suffer damages as a result of that prosecution in the form of lost wages, humiliation, anxiety, and mental anguish.

85.     The acts of these Defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling Dr. NaTosha Briscoe to an award of punitive damages.

### E.  VIOLATION OF DR. NATOSHA BRISCOE'S FREE SPEECH RIGHTS UNDER THE FIRST AMENDMENT OF THE CONSTITUTION OF THE UNTED STATES

86.     Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 85 above as if stated full herein.

87.     During the time of, and immediately preceding, her arrest by the defendants, Dr. NaTosha Briscoe was engaged in constitutionally-protected speech.

88.     Defendants Palmer and Jones seized, arrested, imprisoned, and maliciously prosecuted Dr. NaTosha Briscoe based on, and because of, Dr. Briscoe's exercise of constitutionally-protected speech.

89.     Dr. Briscoe's exercise of constitutionally-protected speech was a substantial and motivating factor and cause of Defendant Palmer's and Defendant Jones' arrest, imprisonment, and malicious prosecution of Dr. NaTosha Briscoe.

90.     Defendant Palmer's and Defendant Jones' arrest, imprisonment, and malicious prosecution of Dr. NaTosha Briscoe because of her exercise of constitutionally-protected speech constitutes adverse action against her for which she can seek relief.

91. The defendants' aforementioned adverse actions against Dr. Briscoe because of her constitutionally-protected free speech is likely to chill a person of ordinary firmness from continuing to engage in free speech.

92. In addition to severe physical injury and emotional distress, Dr. NaTosha Briscoe has suffered damages in the form of medical expenses, pain and suffering, lost wages, humiliation, anxiety, mental anguish, and she will suffer additional damages in the future in an amount which cannot yet be determined.

93. Dr. NaTosha Briscoe suffered grievous bodily harm, emotional distress, and other injuries and damages.

94. The acts of these Defendants as set forth above were intentional, reckless, wanton, malicious, oppressive, and with callous indifference to, and motivated by evil intent to, Dr. Briscoe's federally protected rights.

### V.  DAMAGES

95. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 through 94 above, as if stated fully herein.

96. As a direct and proximate consequence of the foregoing, above-described intentional, malicious, and recklessly indifferent misconduct of Defendants, Plaintiff is entitled to damages in an amount to be determined at the trial of this action.

97. As a result of the violation of Dr. NaTosha Briscoe's constitutional rights, which the defendants committed against Dr. Briscoe under color of state law, Dr. Briscoe suffered the following injuries and damages;

   a) Past and future doctor, hospital and related medical and health costs and expenses;

   b) Pain and suffering;

c)  Mental and emotional distress;

d)  Past and future lost wages and employment benefits;

e)  Costs and expenses of defending herself against maliciously prosecuted charges, including, but not limited to, attorneys fees, expenses, and costs; and

f)  Other non-economic damages.

98.  Plaintiff Dr. NaTosha Briscoe is also entitled to punitive damages against these Defendants, as their conduct involves reckless or callous indifference to Dr. Briscoe's federally protected rights.

## VI.  ATTORNEY'S FEES

99.  Plaintiff is entitled to an award of attorney fees, expenses, and costs under Title 42 U.S.C. §§ 1983 and 1988(b).

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Dr. NaTosha Briscoe demands (1) judgment against Defendants, Calvin Palmer, in his individual capacity, and Greg Jones, in his individual capacity, jointly and severally, in an amount to be determined at trial and (2) that this Court award punitive damages against the individual Defendants, along with all attorney's fees, interest, costs, and any and all other relief, including equitable relief, which this Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 3rd day of February, 2026.

Dr. NATOSHA BRISCOE, PLAINTIFF

By: */s/ E. Carlos Tanner, III, Esq.* _____
E. CARLOS TANNER, III, Esq. (MSB 102713)
TANNER & ASSOCIATES, LLC

14

E. CARLOS TANNER, III, Esq. (MSB 102713)
TANNER & ASSOCIATES, LLC
Post Office Box 3709
Jackson, Mississippi  39207
(601) 460-1745 Telephone
(662) 796-3509 Facsimile
Carlos.Tanner@thetannerlawfirm.com

ATTORNEY FOR PLAINTIFF